ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| JEANNETTE RAMOS GONZALEZ<br>Recurrente<br><br>V.<br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)<br>Recurrido | KLRA202300511 | *REVISIÓN ADMINISTRATIVA* procedente del Negociado de Seguridad de Empleo (NSE)<br><br>Caso Núm.: F-02243-235<br><br>Sobre: Inelegibilidad a los beneficios de compensación por desempleo. Sección 4(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

Recurre ante *nos* la Sra. Jeannette Ramos González (Sra. Ramos o Recurrente) mediante un *Recurso de Revisión Especial* y nos pide que revisemos la *Decisión del Secretario del Trabajo y Recursos Humanos,* emitida el 14 de septiembre de 2023, y notificada el 18 de septiembre de 2023, por el Negociado de Seguridad de Empleo (Negociado). Mediante el referido dictamen, el Negociado *confirmó* la *Resolución* apelada que ordeno el archivo de una *Solicitud de Audiencia* por estar fuera de término.

Por los fundamentos que expondremos a continuación, se confirma el dictamen del Negociado.

**I.**

Según se desprende del récord administrativo, la Sra. Ramos solicitó los beneficios de desempleo ante el Negociado, al amparo de

lo dispuesto en la Ley de Seguridad de Empleo de Puerto Rico, 29 LPRA § 701 *et seq.* En su solicitud alegó que había perdido su empleo debido a que su patrono no logró transferirla del turno nocturno al diurno, como había solicitado ya que no contaba con cuido nocturno para sus 3 hijos menores de edad.[1] Posteriormente, la Oficina Local del Negociado emitió una *Determinación* el 15 de junio de 2023 en la cual descalificó a la Sra. Ramos de recibir los beneficios de compensación por desempleo, conforme a lo dispuesto en la sección 4(b)(2) de la Ley de Seguridad de Empleo, 29 LPRA § 704.[2] En la referida *Determinación,* el Negociado concluyó que procedía descalificar a la Sra. Ramos por entender que la separación de empleo fue atribuible a razones personales —y no por actos del patrono— ya que la Sra. Ramos abandonó su trabajo sin justa causa.[3] Además se le notificó que poseía un término de quince (15) días para apelar la decisión, que culminaba el 30 de junio de 2023.[4]

Insatisfecha con la determinación de inelegibilidad, el 18 de julio de 2023 la Sra. Ramos presentó una *Solicitud de Audiencia* ante Árbitro, en la cual arguyó que no había abandonado ni renunciado a su empleo y que, incluso, hizo varios intentos para lograr el cambio de horario.[5] Sin embargo, el Negociado archivó la solicitud por entender que fue tardía, por haberse presentado casi un mes después de que la *Determinación* fue notificada, y que la Sra. Ramos no expresó justa causa para la demora, como provee la sección 5(f) de la Ley de Seguridad de Empleo, 29 LPRA § 705. Por tal razón, el Negociado confirmó la determinación del 15 de junio de 2023 en su *Resolución del Árbitro de la División de Apelaciones*, notificada el 2 de agosto de 2023.[6] Como resultado, el 7 de agosto de 2023 la

---

[1] Apéndice del Alegato en Oposición, pág. 2-4.
[2] Apéndice del Alegato en Oposición, pág. 5.
[3] *Id.*
[4] *Id.*
[5] Apéndice del Alegato en Oposición, pág. 6-9.
[6] Apéndice del Alegato en Oposición, pág. 10.

Recurrente interpuso un *Recurso de Apelación* ante el Secretario del Trabajo y Recursos Humanos.[7] Ante esto, la División de Apelaciones respondió en una *Decisión* del 14 de agosto de 2023,[8] donde confirmó la *Resolución del Árbitro* de 2 de agosto de 2023 y ordenó el archivo de la apelación por entender que la Sra. Ramos tampoco logró presentar justa causa en esa etapa del procedimiento que justificara la presentación tardía de su *Solicitud de Audiencia* ante Árbitro.

Inconforme, la Sra. Ramos recurre ante este Tribunal y alega en su *Recurso de Revisión Especial,* presentado el 2 de octubre de 2023, que le fueron denegados en dos ocasiones los beneficios de la Ley de Seguridad de Empleo de Puerto Rico, *supra*, a los cuales tiene derecho ya que quedó injustamente desempleada.

El recurso le acompaña una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia* presentado el 2 de octubre de 2023. Luego de haber evaluado la solicitud, autorizamos que la Sra. Ramos comparezca *in forma pauperis,* por tanto, la eximimos de cancelar los correspondientes aranceles.

Por su parte, el Negociado comparece y nos solicita que confirmemos la *Resolución* recurrida ya que, al no mediar justa causa, entiende que actuó correctamente al archivar el recurso.

Con el beneficio de la comparecencia de ambas partes, y luego de analizar el expediente en su totalidad, procedemos a resolver.

**II.**

**A. Revisión judicial de las determinaciones administrativas**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.* (LPAU), se creó a los fines de uniformar los

---

[7] Apéndice del Alegato en Oposición, pág. 11-12.
[8] Apéndice del Alegato en Oposición, pág. 14-16.

procedimientos administrativos ante las agencias. Consecuentemente, desde la aprobación del procedimiento provisto por la LPAU, los entes administrativos están precisados a conducir sus procesos de reglamentación, adjudicación y concesión de licencias y permisos de conformidad con los preceptos de este estatuto y el debido proceso de ley. *López Rivera v. Adm. de Corrección*, 174 DPR 247, 254-255 (2008).

La Sección 4.1 de la LPAU, dispone que las decisiones administrativas finales pueden ser revisadas por el Tribunal de Apelaciones. 3 LPRA sec. 9671. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. *Capó Cruz v. Jta. de Planificación et al.,* 204 DPR 581, 590-592 (2020); *Empresas Ferrer, v. ARPe,* 172 DPR 254, 264 (2007).

Es norma reiterada que las decisiones de los organismos administrativos están revestidas de una presunción de regularidad y corrección, *OCS v. CODEPOLA,* 202 DPR 842, 852-853 (2019). Esto debido a que, mediante esta norma se reconoce el peritaje del que gozan los organismos administrativos en aquellas materias que le han sido delegadas por ley. *OCS v. Universal,* 187 DPR 164, 178 (2012); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821 (2012).

Cónsono con lo anterior, la sección 4.5 de la LPAU establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo". 3 LPRA sec. 9675. Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que los tribunales no pueden extender un sello de corrección, so pretexto de

deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente, contrarias a derecho. *Super Asphalt v. AFI y otro* 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 127 (2019).

Sin embargo, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36-37 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Torres Rivera v. Policía de PR,* 196 DPR 606, 627 (2016). Lo anterior responde a la vasta experiencia y conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *González Segarra et al. v. CFSE,* 188 DPR 252, 276 (2013).

Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad de la actuación, aunque ésta no tiene que ser la única o la más razonable. *Vargas Serrano v. Inst. Correccional,* 198 DPR 230, 237 (2017). Por lo tanto, al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Empresas Ferrer v. ARPe, supra,* pág. 264.

En esta tarea, los foros judiciales analizarán los aspectos siguientes: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están

sostenidas por evidencia sustancial, y (3) si las conclusiones de derecho fueron correctas. *Asoc. Fcias v. Caribe Specially et al. II,* 179 DPR 923, 940 (2010). Mientras que las determinaciones de hecho se deben sostener si las mismas se basan en evidencia sustancial que surja de la totalidad del expediente administrativo, *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018); las determinaciones de derecho pueden ser revisadas en su totalidad. *Torres Rivera v. Policía de PR, supra,* pág. 627.

Si bien es cierto que la revisión judicial no equivale a la sustitución automática del criterio e interpretación del organismo administrativo, *Rebollo v.* Y *Motors,* 161 DPR 69, 77 (2004), los tribunales revisores descartarán el criterio de los entes administrativos cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". *Rolón Martínez v. Supte. Policía, supra.* Si la interpretación y la aplicación del derecho no es correcta, el foro apelativo está obligado a intervenir. *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 187 (2009). "En esas circunstancias, [el foro apelativo] cederá la deferencia que merecen las agencias en las aplicaciones e interpretaciones de las leyes y los reglamentos que administra". *Rolón Martínez v. Supte. Policía, supra.*

**B. Ley de Seguridad de Empleo de Puerto Rico**

La Ley de Seguridad de Empleo de Puerto Rico, 29 LPRA § 702 *et seq.*, fue promulgada con la intención de proveer un seguro social que alivie la carga e inseguridad económica producidas por el desempleo. Exposición de Motivos, Ley núm. 74 de 21 de junio de 1956. Consonó con su misión, a la referida ley se le dará una interpretación liberal para que se cumpla su propósito de promover la seguridad y oportunidades de empleos. 29 LPRA § 701. Aun así, "ello no significa que deba interpretarse de manera que se le

reconozca beneficios a quienes no cualifican. *Castillo v. Depto. Del Trabajo*, 152 DPR 91, 101 (2000).

Para cumplir con su propósito, la Ley provee un detallado procedimiento en adición a factores para determinar la elegibilidad de un solicitante. Asimismo, establece los factores descalificadores que el Negociado de Seguridad de Empleo utilizará para determinar quién es apto de recibir los beneficios. Por ejemplo, la cuarta sección del estatuto, en la cual se discuten estos factores, establece que un trabajador asegurado será descalificado si este o esta "abandonó un trabajo adecuado voluntariamente y sin justa causa". 29 LPRA § 704. De esto ocurrir, los beneficios de la ley quedan fuera del alcance del solicitante.

Si el solicitante queda inconforme con la decisión del Negociado, la sección 5 (f) de la ley dispone que el reclamante tiene derecho a solicitar una reconsideración o apelación dentro de quince (15) días desde que es notificado por correo o a su última dirección. 29 LPRA § 705. Dicho término podrá ser prolongado **solo si se expresa justa causa para la demora**, debido al carácter final de la determinación. *Id.*

### III.

Surge del expediente que en la *Determinación* del Negociado —en la cual se le denegaron los beneficios de desempleo— se le apercibió a la Sra. Ramos que, de estar insatisfecha con la decisión, tenía hasta el 30 de junio de 2023 para apelar. Sin embargo, no fue hasta el 18 de julio de 2023 que la Recurrente presentó su *Solicitud de Audiencia*. Aun estando fuera de término, la Ley de Seguridad de Empleo, *supra*, provee para que el término se prolongue si se muestra justa causa para ello. No obstante, a la Sra. Ramos no proveer una explicación para su tardanza, nos vemos obligados a concluir que no medio justa causa y, por lo tanto, actuó

correctamente el Negociado al archivar la *Solicitud de Audiencia.* Esto es así, ya que, aun considerando el carácter remedial de la ley, no podemos extender sus beneficios a personas que no cumplen con lo establecido en ella, por ello, estando la solicitud fuera de término para ser considerada, procede que se confirme la *Resolución* recurrida.

**IV.**

Por los fundamentos que anteceden, se *confirma* la *Resolución* de la cual se recurre.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones