ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JOSÉ VARGAS  Recurrente  v.  NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)  Recurrido | KLRA202400256 | *Revisión Administrativa* procedente Negociado de Seguridad de Empleo (NSE)  APEL. NÚM.: SJ-03516-22 S.S.NÚM. XXX-XX-1983  Sobre: ARCHIVO DE APELACIÓN POR TARDÍA Sección 5 (f) de la Ley Núm. 74 del 21 de junio de 1956, según enmendada (29 LPRA Secciones 701-717) |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece el señor José A. Vargas Ovalle (Sr. Vargas; recurrente) por derecho propio, mediante un recurso de revisión judicial sobre una *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración*, emitida el 17 de marzo de 2023 y notificada el 20 de marzo de 2023.

Adelantamos que se desestima el recurso bajo lo dispuesto en la Regla 83 del Reglamento del Tribunal de Apelaciones.4 LPRA Ap. XXII-B, R. 83.

**I**

El Sr. Vargas incluye en su recurso una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*, la cual se declara ha lugar, por lo que se exime del pago de arancel. Solicita la revisión de una *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración*, emitida el 17 de marzo de 2023 y notificada el 20 de

Número Identificador
RES2024_____

marzo de 2023,[1] en la cual el Negociado de Seguridad de Empleo (NSE) dispuso lo siguiente:

> En este caso el reclamante solicitó Reconsideración de la Decisión del Secretario notificada el 9 de febrero de 2023, mediante la cual confirma la Resolución de la División de Apelaciones del 16 de noviembre de 2022. Dicha resolución **confirma** la **Determinación de inelegibilidad a los beneficios del Negociado de Seguridad de Empleo del 17 de junio de 2022 bajo la Sección 4 (b)(2) de la Ley de Seguridad de Empleo de Puerto Rico**. (Énfasis nuestro.)
>
> Luego de examinar detenidamente el Recurso de Reconsideración presentado por la parte apelante, se emite la siguiente:

### DECISIÓN

> Se declara No Ha Lugar la solicitud de reconsideración presentada por la reclamante.
>
> La Decisión emitida en este caso es solamente a los efectos de la Ley de Seguridad de Empleo de Puerto Rico (29 LPRA Secciones 701 y sig.)

El recurrente expone que le están cobrando un dinero que no puede pagar porque no está trabajando, que no solicitó ese dinero, que solicitó desempleo, que le dijeron que no era elegible y que había otra alternativa si llevaba un documento, el cual llevó y le mandaron un cheque. Añade que como estaba en plena pandemia y no estaba trabajando, cambió el cheque, gastó el dinero y ahora se lo están cobrando, que no lo puede pagar porque no está trabajando por su condición de salud. **Admite que, el 22 de febrero de 2023, hizo una apelación tardía en el Departamento del Trabajo, y se la negaron,** por lo que está haciendo una nueva apelación en el Tribunal de Apelaciones, porque no puede pagar el dinero.[2]

Inconforme, acudió ante este Tribunal de Apelaciones a través del recurso de revisión judicial que aquí nos ocupa. Resolvemos, sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[3]

---

[1] El recurrente incluyó en el recurso una copia del documento titulado *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración* en el caso APEL. NÚM.: SJ-03516-22, S.S.NÚM. XXX-XX-1983.

[2] El recurrente incluyó en el recurso una copia del documento titulado *Solicitud de Apelación ante el Secretario (Casos NSE)*, suscrito el 22 de febrero de 2023 por el Sr. Vargas.

[3] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

## II

## A.

La Ley de Seguridad de Empleo de Puerto Rico, Ley Núm. 74 del 21 de junio de 1956, según enmendada, 29 LPRA sec. 701 *et seq.* (Ley Núm. 74), creó el Negociado de Seguridad en el Empleo con el objetivo de "promover la seguridad de empleo facilitando las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y proveer para el pago de compensación a personas desempleadas por medio de la acumulación de reservas". *Castillo v. Depto. del Trabajo,* 152 DPR 91, 97-98 (2000); 29 LPRA sec. 701. La Ley Núm. 74 "establece un fondo de desempleo distinto y separado de todos los dineros o fondos del Gobierno de Puerto Rico, sufragado por las contribuciones pagadas por los patronos de acuerdo con los parámetros establecidos en la propia ley". *Castillo v. Depto. del Trabajo*, *supra*, pág. 98; 29 LPRA sec. 710. El Secretario del Trabajo y Recursos Humanos está obligado a "interpretar y administrar [el] fondo conforme la ley y su primordial objetivo de proteger contra la inseguridad económica y el riesgo del desempleo". *Castillo v. Depto. del Trabajo*, *supra*, pág. 98.

La Sección 704 de esta Ley dispone, en lo pertinente al caso ante nuestra consideración, lo siguiente:

> (b) Descalificaciones. – Un trabajador asegurado no será descalificado para recibir crédito por semana de espera o beneficios por cualquier semana de desempleo a menos que, con respecto a dicha semana, el Director [del Negociado de Seguridad de Empleo] determine que:
>
> > (1) [...]
> > (2) **abandonó un trabajo adecuado voluntariamente y sin justa causa**, en cuyo caso no podrá recibir beneficios por la semana en que abandonó el trabajo y hasta que haya prestado servicios en empleo cubierto bajo este capítulo o bajo la ley de cualquier estado de los Estados Unidos durante un período no menor de cuatro (4) semanas y haya devengado salarios equivalentes a diez (10) veces su beneficio semanal[.]
> > […]. 29 LPRA sec. 704. (Énfasis nuestro.)

## B.

Por otro lado, debe tenerse presente que los tribunales apelativos debemos conceder gran deferencia a las decisiones que emiten las

agencias administrativas, toda vez que estas cuentan con una vasta experiencia y conocimiento especializado sobre los asuntos que le han sido encomendados por la Asamblea Legislativa. *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Subyace en esta actitud deferente el reconocimiento de la pericia y la experiencia de los organismos administrativos sobre los asuntos que regularmente tienen ante su consideración. *Id.* Asimismo, las decisiones que emiten los organismos administrativos gozan de una presunción de regularidad y corrección. Por lo expuesto, **quien impugna decisiones administrativas debe demostrar que en el expediente administrativo existe evidencia suficiente que derrota dicha presunción, sin descansar en meras alegaciones**. *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 893-894 (2008); *Otero v. Toyota,* 163 DPR 716, 728 (2005).

El alcance de una revisión judicial es uno restringido y limitado para evitar así la sustitución del criterio del organismo administrativo especializado por el criterio del tribunal revisor. *Vélez v. A.R.Pe.*, *supra*, pág. 693; *P.R.T.C. v. J. Reg. Tel. de P.R.*, 151 DPR 269, 282 (2000). En este contexto, la revisión judicial se limita a determinar si la actuación de la agencia está fundamentada en evidencia sustancial y si no es arbitraria, ilegal, o tan irrazonable que constituya un abuso de discreción del organismo recurrido. 3 L.P.R.A. sec. 2175; *García Reyes v. Cruz Auto Corp., supra,* pág. 892; *Otero v. Toyota, supra*, pág. 729; *Rebollo v. Yiyi Motors*, 161 DPR 69, 76 (2004).

### C.

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 83 (C) concede a este Tribunal la facultad de desestimar por iniciativa propia un recurso de apelación por los siguientes fundamentos:

(1) que **el Tribunal de Apelaciones carece de jurisdicción**;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que **el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial** o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico. (Énfasis suplido.)

El Tribunal Supremo ha resuelto que los tribunales deben ser celosos guardianes de su jurisdicción y vienen obligados a considerar dicho asunto aún en ausencia de señalamiento por las partes, esto es, *motu proprio*. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 D.P.R. 357, 362 (2001); *Vázquez v. A.R.P.E.*, 128 D.P.R. 513, 537 (1991); *López Rivera v. Autoridad de Fuentes Fluviales*, 89 D.P.R. 414, 419 (1963). El tribunal que no tiene la autoridad para atender un recurso, sólo tiene jurisdicción para así declararlo y desestimarlo. *Caratini v. Collazo*, 158 D.P.R. 345 (2003); *Vega Rodríguez v. Telefónica*, 156 D.P.R. 584, 595 (2002); *Pagán v. Alcalde Mun. Cataño*, 143 D.P.R. 314, 326 (1997). No tenemos discreción para asumir jurisdicción donde no la hay. *Gobernador de P.R. v. Alcalde de Juncos,* 121 D.P.R. 522, 530 (1988); *Rodríguez v. Registrador*, 75 D.P.R. 712, 716 (1953).

**III**

El Sr. Vargas acude ante nosotros y reclama en esencia que el NSE le está cobrando una cantidad de dinero el cual acepta que recibió, pero que reclama que no puede pagarla y que está desempleado. Incluyó una copia de la *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración* en el caso APEL. NÚM.: SJ-03516-22, S.S.NÚM. XXX-XX-1983, la cual confirma la *Resolución de la División de Apelaciones* del 16 de noviembre de 2022, que a su vez **confirma** la **Determinación de inelegibilidad a los beneficios del Negociado de Seguridad de Empleo del 17 de junio de 2022 bajo la Sección 4 (b)(2) de la Ley de Seguridad de Empleo de Puerto Rico**. Además, el recurrente admite que su apelación fue tardía, tal y como surge en el epígrafe de la *Decisión del*

*Secretario del Trabajo y Recursos Humanos en Reconsideración* en el caso APEL. NÚM.: SJ-03516-22, S.S.NÚM. XXX-XX-1983, antes citada.

El Sr. Vargas no nos ha puesto en posición de entrar en los méritos de su recurso. Debemos concluir que se trata de un recurso frívolo y que el recurrente no ha presentado una controversia justiciable ante este Tribunal, por lo que procede como cuestión de derecho la desestimación del recurso. 4 L.P.R.A. Ap. XXII-A, R. 83 (C) (4).

**IV**

Por los fundamentos antes expuestos, se desestima el recurso.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Notifíquese.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones