<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III</td></tr>
<tr>
<td>ARMANDO YADIEL GONZÁLEZ MEDINA<br><br>Parte Recurrente<br><br>vs.<br><br>SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS<br><br>Parte Recurrida</td>
<td>KLRA202300169</td>
<td>Revisión de Decisión Administrativa procedente del Departamento del Trabajo y Recursos Humanos<br><br>Caso núm.:<br>M-03023-22A<br><br>Sobre:<br>Sec. 4(B) (3) de la Ley de Seguridad de Empleo</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece Armando Yadiel González Medina, (Recurrente o señor González Medina) mediante *Recurso de Revisión Administrativa* y nos solicita que revisemos y revoquemos una *Decisión del Secretario del Trabajo y Recursos Humanos* emitida el 7 de febrero de 2023[1], que confirmó la *Resolución* que emitió la División de Apelaciones del Negociado de Seguridad de Empleo (NSE o Negociado) el 13 de septiembre de 2022[2]. En el referido dictamen, el organismo administrativo confirmó una decisión previa que emitió el Negociado el 9 de agosto de 2022, en la que denegó la solicitud del señor González Medina para recibir los beneficios por desempleo.

Evaluados los autos del caso a la luz del derecho aplicable, confirmamos la determinación del Secretario del Departamento del Trabajo y Recursos Humanos (Departamento).

---

[1] La *Decisión* fue notificada y archivada el mismo 7 de febrero de 2023.
[2] La *Resolución* fue notificada y archivada el 6 de octubre de 2022.

Número Identificador
SEN2023_____

**I.**

El señor González Medina es empleado en el Recinto Universitario de Mayagüez de la Universidad de Puerto Rico (UPR), en donde ha trabajado alrededor de 29 años[3]. Entre agosto de 2017 y noviembre de 2019, el Recurrente incurrió en alegada conducta incorrecta. Después de llevar a cabo una investigación, el Recinto Universitario de Mayagüez (RUM) suspendió de empleo y sueldo al señor González Medina desde el 1 de julio de 2022 hasta el 31 de diciembre del mismo año[4]. Según surge del expediente, el Recurrente no presentó querella contra la UPR, al amparo del Convenio Colectivo que lo cobija[5]. Tampoco presentó ninguna queja relacionada a la suspensión ante la oficina de Recursos Humanos del RUM[6].

No obstante, el Recurrente decidió acudir al Negociado, para solicitar los beneficios de compensación del seguro por desempleo. El 9 de agosto de 2022, el Negociado le denegó los beneficios solicitados[7]. El NSE basó su determinación al amparo de la Sección 4 (b) (3) de la Ley de Seguro por Desempleo de Puerto Rico[8], por el hecho de que el Recurrente fue suspendido "al cometer conducta incorrecta relacionada con su trabajo"[9]. En desacuerdo con la determinación, el 18 de agosto de 2022, el señor González Medina solicitó una audiencia ante un árbitro de la División de Apelaciones del NSE.

Evaluada la solicitud presentada, la División de Apelaciones emitió una *Orden y Señalamiento de Audiencia ante el Árbitro Audiencia Telefónica*, en la que señaló la celebración de una

---

[3] Véase la *Resolución* emitida por la División de Apelaciones a la página 4 del Apéndice del Recurso de Revisión Administrativa.
[4] *Íd.*
[5] *Íd.*
[6] Íd.
[7] El señor González Medina no incluyó esta carta como parte del Apéndice del *Recurso de Revisión Administrativa*.
[8] Ley Núm. 74 de 21 de junio de 1956, según enmendada, 29 LPRA sec. 704.
[9] Véase la *Resolución* emitida por la División de Apelaciones a la página 4 del Apéndice del *Recurso de Revisión Administrativa*.

audiencia telefónica para el 8 de septiembre de 2022[10]. Asimismo, advirtió a las partes que, en caso de no estar de acuerdo con la celebración de la vista por vía telefónica, debían presentar una solicitud por escrito ante la División de Apelaciones cinco días antes de la fecha pautada para la audiencia[11]. El 1 de septiembre de 2022, el Recurrente, por conducto de su abogado, sometió una *Moción Asumiendo Representación Legal y Solicitud de Vista Presencial*[12]. En su escrito, solicitó la conversión de la audiencia telefónica señalada a una presencial. Argumentó que la celebración de la vista por teléfono resultaría impráctica, pues había que hacer referencia a una abundante prueba documental, tales como nóminas, memorandos, documentos de Horas y Salarios del Departamento del Trabajo Federal, el Convenio Colectivo y varios reglamentos del Recinto, entre otros[13]. No surge del expediente en autos que la División de Apelaciones haya respondido a la petición.

Tras celebrar la audiencia telefónica y luego de evaluar la totalidad del expediente y la prueba documental sometida, el 13 de septiembre de 2022, la División de Apelaciones emitió una *Resolución* en la que hizo las siguientes determinaciones de hechos:

1) La parte reclamante ha trabajado para el patrono, Universidad de Puerto Rico, Recinto de Mayagüez, por alrededor de 29 años.
2) Fue suspendido de empleo y sueldo, por el periodo entre el 1 de julio de 2022 al 31 de diciembre de 2022. La suspensión se debió a hechos ocurridos entre agosto del 2017 a noviembre de 2019.
3) Es miembro de una unidad apropiada. El convenio colectivo entre el patrono y la unidad apropiada provee un proceso para querellarse. El reclamante no presentó querella contra el patrono bajo dicho convenio colectivo por las situaciones que motivaron su suspensión de empleo y sueldo y en las que difería del patrono respecto a la interpretación de disposiciones del convenio o que hubiesen podido ser dilucidadas bajo el convenio.
4) El reclamante no presentó al área de Recursos Humanos queja alguna relacionada a las situaciones que motivaron su suspensión de empleo y sueldo.
5) Previo a los hechos que motivaron la suspensión, el reclamante se había quejado del patrono ante una

---

[10] Véase la página 20 en el Apéndice del *Recurso de Revisión Administrativa.*
[11] *Íd.*
[12] Véase la página 18 en el Apéndice del *Recurso de Revisión Administrativa.*
[13] *Íd.*

agencia federal alegando incumplimiento con la legislación federal aplicable respecto a periodo de toma de alimentos.

6) Previo a los hechos que motivaron la suspensión, el reclamante se había quejado con el patrono respecto a las condiciones de seguridad de los vehículos que conducía en el desempeño de sus funciones.

7) El patrono le suspendió de empleo y sueldo por 6 meses porque entendió que había incurrido en varias conductas, incluyendo en insubordinación. Los ejemplos de insubordinación que consideró el patrono incluyeron: desacatar la instrucción de permanecer en su área de trabajo; desacatar la instrucción de agotar oportunamente tiempo compensatorio incurrido y negarse a firmar el recibo del balance de dicho tiempo compensatorio; desacatar la instrucción de completar el registro de compras de gasolina.

8) El reclamante incurrió en la conducta de desacatar la instrucción de permanecer en su área de trabajo. En el periodo en el que el reclamante no estaba viajando debía permanecer en su área de trabajo. El patrono reiteró por escrito dicha instrucción y posteriormente el reclamante desacató la misma. El patrono recibió quejas sobre este asunto.

9) El reclamante incurrió en la conducta [de] desacatar la instrucción de agotar oportunamente exceso de tiempo compensatorio. La supervisora del reclamante le requería que estableciera un plan para agotar el tiempo compensatorio dentro del período establecido en la reglamentación patronal pero el reclamante no firmaba el acuse de recibo ni establecía el plan solicitado. En lugar de cumplir con lo requerido, éste utilizaba el tiempo compensatorio para viajar para atender una situación de salud familiar. Como resultado, agotaba el tiempo compensatorio en su propio itinerario, no necesariamente cumpliendo con el término que establecía la reglamentación patronal.

10) El reclamante incurrió en la conducta de desacatar la instrucción de firmar su asistencia ("Tarjeta"). No la firmaba porque entendía que al firmarla estaba aceptando la corrección de la misma y ello podría constituir una renuncia a algún derecho a reclamar protección bajo la legislación federal. Previamente había sido instruido respecto a que debía firmar la misma y que si tenía una objeción debía incluirla. El formato no incluía un espacio para exponer la objeción.

11) El reclamante no incurrió en la conducta de desacatar la instrucción de completar el registro de uso de tarjeta corporativa para compras de gasolina. El patrono consideró como incidentes en los que no completó la tarjeta las asignaciones de vehículo dañados que el reclamante no utilizó por razón de estar dañados y no movió de las instalaciones patronales[14].

Finalmente, la División de Apelaciones confirmó la determinación del Negociado del 9 de agosto de 2022, luego de concluir que el señor González Medina era inelegible para recibir los

---

[14] Véase la página 4 en el Apéndice del *Recurso de Revisión Administrativa*.

beneficios del seguro por desempleo, según se establece en la Sección 4 (b)(3) de la Ley de Seguridad de Empleo, *supra*[15].

De esta decisión, el señor González Medina presentó una Apelación el 20 de octubre de 2022, ante el Secretario del Departamento del Trabajo y Recursos Humanos[16]. En su escrito, expuso que el Negociado le violó su derecho a un debido proceso de ley al no acceder a su petición de celebrar una vista presencial. Alegó que el caso contenía un amplio volumen de documentos y que la controversia era una compleja, por lo que cumplía con los requisitos plasmados en el Artículo 6.2 (b) del *Reglamento para Administrar el Programa de Seguro por Desempleo*, Reglamento Núm. 9056 de 8 de noviembre de 2018, que permite que una de las partes pueda objetar la vista telefónica si cumple con los criterios enumerados en el referido inciso. Argumentó, además, que no se presentó un solo documento a los que se hizo referencia en la vista, como tampoco pudo confrontar a los testigos que emitieron declaraciones mediante los referidos documentos[17].

El 7 de febrero de 2023, el Secretario del Departamento emitió una decisión en la que confirmó la *Resolución* apelada, después de adoptar por referencia las determinaciones de hechos formuladas por el árbitro en la *Resolución* de la División de Apelaciones.

En desacuerdo con lo decidido, el Recurrente presentó una *Moción de Reconsideración* ante el Departamento, mediante la cual reiteró los argumentos esbozados en su Apelación. El 16 de marzo de 2023, el Secretario del Departamento del Trabajo y Recursos Humanos declaró No Ha Lugar la solicitud.

---

[15] *Íd.*
[16] Véase la página 22 en el Apéndice del *Recurso de Revisión Administrativa.*
[17] *Íd.*

Aún inconforme, el señor González Medina acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló como único error el siguiente:

AL APELANTE SE LE VIOLÓ SU DERECHO A UN DEBIDO PROCESO DE LEY AL NO CONCEDÉRSELE UNA VISTA PRESENCIAL DADAS LAS CIRCUNSTANCIAS PARTICULARES DE SU CASO.

Sin el beneficio de la comparecencia del Secretario del Departamento del Trabajo y Recursos Humanos, resolvemos.

## II.

## A.

La Ley Núm. 74 del 21 de junio de 1956, según enmendada, conocida como *Ley de Seguridad de Empleo de Puerto Rico* (Ley de Seguridad de Empleo), 29 LPRA secs. 701, *et seq.*, creó el Negociado de Seguridad de Empleo, cuyo propósito es "promover la seguridad de empleos facilitando las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y proveer para el pago de compensación a personas desempleadas por medio de la acumulación de reservas". 29 LPRA sec. 701; *Castillo v. Depto. del Trabajo*, 152 DPR 91, 97-98 (2000).

La Sección 3 de la Ley de Seguridad de Empleo, 29 LPRA sec. 703(a), establece que "se pagarán beneficios del fondo a trabajadores que estén desempleados y sean elegibles a beneficios". A esos fines, la sección 4 indica las condiciones de elegibilidad para recibir los beneficios de desempleo y las causas que descalifican a un reclamante de recibirlos. 29 LPRA sec. 704 (b). Así pues, si bien el carácter de la legislación es remedial, ello no significa que su interpretación liberal se extienda a tal extremo que se le reconozcan beneficios a quienes no cualifican. *Castillo v. Depto. del Trabajo*, supra, pág. 98.

En particular, la Sección 4 (b) dispone que:

(b) Descalificaciones- Un trabajador asegurado no será descalificado para recibir crédito por semana de espera

o beneficios por cualquier semana de espera o beneficios por cualquier semana de desempleo a menos que, con respecto a dicha semana, el Director [del Negociado de Seguridad de Empleo] determine que:

.        .        .        .        .        .        .

(3) **fue despedido o suspendido por conducta incorrecta en relación con su trabajo**, (...).

.        .        .        .        .        .        .

29 LPRA sec. 704(b)(3). (Énfasis suplido).

Cónsono con lo anterior, el despido o suspensión de un empleado por conducta indebida relacionada con el trabajo es motivo para su descalificación. Debido a ello, el patrono tiene potestad para adoptar las reglas de eficiencia o normas de conducta necesarias para salvaguardar el buen funcionamiento de su empresa, siempre que estas satisfagan el criterio de razonabilidad. *Rivera v. Pan Pepín*, 161 DPR 681, 689- 690 (2004).

Si una parte no está de acuerdo con la determinación emitida por el Negociado, ésta puede apelar el dictamen que no le favoreció ante un árbitro de la División de Apelaciones. El árbitro celebrará una audiencia que podrá ser presencial o vía telefónica u otro medio electrónico disponible. Sección 6, inciso c de la Ley de Seguridad de Empleo, 29 LPRA sec. 706 (c); Artículo 6.2 (b) del Reglamento Núm. 9056. El Art. 6.2 (b) del Reglamento Núm. 9056, expone, además, que:

> Si alguna de las partes no está de acuerdo con el método dispuesto, deberá fundamentar por escrito sus objeciones ante el árbitro designado en un término no menor de cinco (5) días calendario previo a la fecha de la audiencia y notificará a la otra parte dentro de este mismo término. De no recibirse objeción, se entenderá que las partes han dado su anuencia para la celebración de la audiencia en los términos ordenados por la División de Apelaciones.
>
> Al evaluar las objeciones para la celebración de una audiencia por teléfono u otro medio electrónico disponible, se podrán considerar los siguientes criterios:
>
> 1. La complejidad de la controversia planteada;
>    [...]
> 10. Si la evidencia documental es extensa o de naturaleza técnica;
>    [...]

> El árbitro contestará la solicitud en un término no mayor de diez (10) días contados a partir del recibo de la objeción. **Si el árbitro no emite contestación se entenderá denegada.** [...]. (Énfasis suplido).

Una vez el árbitro emita el dictamen, "[c]omo cuestión de derecho, se concederá una apelación por cualquier parte ante el Secretario si la decisión del árbitro hubiere revocado o modificado la determinación del Director, o si se presentare alguna cuestión basada en la Sección (6) o (7). En todos los demás casos se permitirán apelaciones subsiguientes solamente a discreción del Secretario. [...] El Secretario podrá confirmar, modificar o revocar las determinaciones o conclusiones del árbitro solamente **a base de evidencia previamente sometida o a base de aquella evidencia que el Secretario ordene tomar**". (Énfasis suplido). Sección 6, inciso f de la Ley de Seguridad de Empleo, 29 LPRA sec. 706(f).

## B.

Es norma firmemente establecida que los tribunales apelativos han de conceder gran consideración y deferencia a las decisiones de los organismos administrativos. Ello, dado que las agencias administrativas cuentan con vasta experiencia y conocimiento especializado en cuanto a los asuntos que les han sido encomendados. *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839 (2021), citando a *OCS v. Universal*, 187 DPR 164, 178 (2012); *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800 (2012); *Pagán Santiago, et al. v. ASR*, 185 DPR 341, 358 (2012).

Como resultado, la decisión de una agencia administrativa gozará de una presunción de legalidad y corrección que será respetada, siempre que la parte que la impugna no produzca evidencia suficiente para rebatirla. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012). Así, en cuanto a las determinaciones de hecho que realiza una agencia, el Tribunal Supremo ha resuelto que los tribunales revisores tienen que sostenerlas si se encuentran

respaldadas por evidencia suficiente que surja del expediente administrativo al ser considerado en su totalidad. *Pacheco v. Estancias,* 160 DPR 409, 432 (2003). Véase, además, Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Por evidencia sustancial se entiende "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Rolón Martínez v. Superintendente,* 201 DPR 26, 36 (2018); *González Segarra et al. v. CFSE,* 188 DPR 252, 277 (2013); *Otero v. Toyota,* 163 DPR 716, 728-729 (2005).

Por lo tanto, la parte afectada deberá reducir el valor de la evidencia impugnada o demostrar la existencia de otra prueba que sostenga que la actuación del ente administrativo no estuvo basada en evidencia sustancial. *Otero v. Toyota,* supra, pág. 728. En fin, el tribunal debe limitar su intervención a evaluar si la determinación de la agencia es razonable, ya que se persigue evitar que el tribunal revisor sustituya el criterio de la agencia por el suyo. *Íd.*

Por otro lado, respecto a las conclusiones de derecho, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* Ley Núm. 38-2017, señala que éstas pueden ser revisadas en todos sus aspectos. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Ahora bien, lo anterior "no implica que los tribunales revisores tienen la libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia". *Otero v. Toyota,* supra, pág. 729. Consecuentemente, cuando un tribunal llega a un resultado distinto al de la agencia, éste debe determinar si la divergencia es a consecuencia de un ejercicio razonable y fundamentado de la discreción administrativa, ya sea por la pericia, por consideraciones de política pública o en la apreciación de la prueba. *Otero v. Toyota,* supra, pág. 729. Dicho de otro modo, "[e]l tribunal podrá sustituir el criterio de la agencia por el propio solo cuando no pueda hallar una base racional para explicar la decisión administrativa". *Íd.*

Por consiguiente, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *Super Asphalt v. AFI y otros,* 206 DPR 803, 819 (2021); *Torres Rivera v. Policía de Puerto Rico,* 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

### III.

Mediante su recurso de Revisión Administrativa, el señor González Medina alega que la División de Apelaciones del Negociado lo privó de su derecho a un debido proceso de ley, al no celebrar una vista presencial para dirimir la determinación que le denegó los beneficios por desempleo. Arguye que la División nunca contestó su petición de convertir la vista en una presencial y continuó con los procedimientos vía telefónica despojándolo de su derecho a confrontar la prueba en su contra y presentar evidencia a su favor.

Además, el Recurrente aduce que durante la audiencia el Recurrido declaró sobre el contenido de documentos que no obran en el expediente, porque nunca los sometió. Argumenta, además, que la parte recurrida hizo referencia a declaraciones de terceros que nunca testificaron en la vista, pero que estaban contenidas en los documentos. Asegura que el árbitro no pudo corroborar el contenido de los documentos mencionados en la vista. Igualmente, sostiene que no se utilizó la prueba documental en la que se amparó el Recurrido para suspenderlo de empleo y sueldo. Finalmente,

subraya que el árbitro llegó a conclusiones sobre derechos bajo el Convenio Colectivo que no tuvo ante sí.

Luego de revisar los hechos procesales y las leyes y reglamentos que aplican a la controversia ante nosotros, resolvemos que al Recurrente no le asiste la razón. De entrada, el señor González Medina cuestiona que el ente administrativo no respondió a su petición de convertir la audiencia por la vía telefónica a una presencial. Sin embargo, al revisar el Art. 6.2 (b) del Reglamento Núm. 9056, antes citado, advertimos que el árbitro no estaba obligado a emitir una respuesta al Recurrente, pues si éste no contestaba la solicitud en un término no mayor de 10 días, se entendía denegada la petición. Es decir, ante la falta de respuesta de la División en el referido plazo, la moción del señor González Medina se podía entender denegada.

Ahora bien, el Recurrente afirma que el árbitro no tuvo ante sí los documentos a los que hizo referencia la parte recurrida y las declaraciones de los testigos que surgen de los mismos. Sostuvo que estos documentos no obran en el expediente administrativo. En fin, éste asegura que el árbitro estuvo carente de la prueba documental pertinente para establecer las determinaciones de hechos que esbozó en la Resolución del 13 de septiembre de 2022. Sin embargo, el señor González Medina no pudo señalar documento alguno en el expediente que sostuviera tales alegaciones. Veamos.

Surge del Reglamento Núm. 9056, que, como parte del procedimiento previo a la audiencia telefónica, el árbitro está obligado a notificar a las partes que pueden examinar el expediente en la oficina local del Negociado. También, debe informar la forma en que las partes deberán presentar la evidencia. Artículo 6.2, inciso (c)(6)(iii), del Reglamento Núm. 9056. Una vez comienza la audiencia, el árbitro debe informar la prueba anunciada por las partes **que no obre en el expediente administrativo**. Artículo 6.2,

inciso (d) del Reglamento Núm. 9056. Asimismo, el Reglamento establece que:

> 5. Las copias de los documentos que se marquen como evidencia de las partes serán proporcionadas por la parte proponente a la otra parte **antes de la fecha de la audiencia.** Si cualquier parte desea presentar evidencia escrita u otras pruebas físicas, esa parte debe hacer los arreglos para la entrega al árbitro y a las demás partes con al menos cinco (5) días de antelación a la fecha de la audiencia.
>
> 6. **La evidencia documental del patrono y del apelante deberá estar disponible a las partes en la fecha y hora de la audiencia.** No obstante, el árbitro concederá oportunidad a las partes, durante y posterior a la audiencia por teléfono o medios electrónicos, para presentar cualquier evidencia documental o de otra naturaleza que tuvieran en su posesión, siempre y cuando se le provea oportunidad a la otra parte de revisar dicha evidencia y presentar cualquier objeción. [...]. *Íd.* (Énfasis suplido).

Como vemos, el ente administrativo debe asegurarse que las partes tengan conocimiento de la prueba que va a desfilar en la audiencia. Aunque el Recurrente señala que ésta no estuvo disponible, éste no pudo identificar evidencia alguna que sostuviera sus alegaciones, como tampoco incluyó con su recurso una regrabación de los procesos que nos permitiera justipreciar su impugnación.

Ante la falta de señalamiento de alguna otra prueba contenida en el expediente administrativo que controvierta el procedimiento antes descrito y que, además, revele que la determinación del organismo administrativo no estuvo amparada en evidencia sustancial, resolvemos que el error señalado por el señor González Medina no fue cometido. *Otero v. Toyota,* supra.

En mérito de lo anterior, concluimos que el Recurrente no pudo rebatir la presunción de legalidad y corrección que cobija a las determinaciones administrativas, por lo que procede su confirmación.

**IV.**

Por los fundamentos que anteceden, confirmamos la *Decisión del Secretario del Trabajo y Recursos Humanos* que confirmó la

*Resolución* que emitió la División de Apelaciones del Negociado de Seguridad de Empleo el 13 de septiembre de 2022.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
