Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| CÉSAR I. ÁLVAREZ ROHENA<br><br>Recurrente<br><br><br>V.<br><br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)<br><br>Recurrido | KLRA202400012 | *Revisión de Decisión Administrativa* procedente del Departamento del Trabajo y Recursos Humanos<br><br>Caso Núm.: SJ-02820-23<br><br>Sobre: Inelegibilidad a los Beneficios del Seguro por Desempleo Sección 4(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 5 de febrero de 2024.

El 11 de enero de 2024, compareció ante este Tribunal Apelativo, por derecho propio e *in forma pauperis*, el señor César I. Álvarez Rohena (en adelante, parte recurrente o señor Álvarez Rohena), mediante *Revisión de Decisión Administrativa*. Por medio de esta, nos solicita que revisemos la *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración*, emitida el 11 de diciembre de 2023, por el Departamento del Trabajo y Recursos Humanos de Puerto Rico (en adelante, parte recurrida o DTRH). En virtud de la aludida determinación, el DTRH concluyó que, el señor Álvarez Rohena era inelegible para recibir los beneficios de desempleo.

Número Identificador

SEN2024 _____

Por los fundamentos que adelante se esbozan, se confirma la decisión recurrida.

**I**

Es menester señalar que, la parte recurrente no incluyó algunos documentos relevantes a la controversia de epígrafe, por tanto, nos limitaremos a exponer aquellos documentos que forman parte del expediente, así como la posición del señor Álvarez Rohena.

Conforme surge del expediente ante nuestra consideración, el 4 de julio de 2023, el DTRH emitió la *Determinación*. En virtud de esta, resolvió que, la parte recurrente era inelegible para recibir los beneficios del desempleo, debido a que, había abandonado su empleo. El DTRH expresó lo siguiente:

> USTED ABANDON[Ó] SU TRABAJO CUANDO DEJ[Ó] DE ASISTIR AL MISMO, SIN NOTIFICAR A SU PATRONO. LA INFORMACI[Ó]N OBTENIDA DEMUESTRA QUE USTED NO HIZO GESTIONES PARA INFORMAR LAS CAUSAS PARA AUSENTARSE DEL EMPLEO, NI HIZO ESFUERZOS PARA RETENERLO.
>
> SE CONSIDERA QUE USTED ABANDON[Ó] UN TRABAJO ADECUADO SIN JUSTA CAUSA.
>
> SE DECLARA INELEGIBLE A RECIBIR BENEFICIOS DESDE 5/14/23 E INDEFINIDAMENTE HASTA TANTO TRABAJE EN EMPLEO CUBIERTO DURANTE UN PERIODO NO MENOR DE CUATRO SEMANAS Y GANE DIEZ VECES SU BENEFICIO SEMANAL.
>
> ESTA DECISI[Ó]N EST[Á] BASADA EN LA SECCI[Ó]N 4(B*)(2) DE LA LEY DE SEGURIDAD DE EMPLEO DE PUERTO RICO.

En desacuerdo, el señor Álvarez Rohena presentó la *Solicitud de Audiencia*. En su solicitud, arguyó que, no había abandonado su empleo. Explicó que, el 31 de octubre de 2022, fue sometido a una operación, y que, desde ese entonces, hasta el 24 de febrero de 2023, estuvo en un periodo de descanso. Acotó que, al regresar a su lugar de empleo, *Beginners General Contractors*, le encomendaron "buscar empleados para hacer el grupo de una brigada", con el propósito de realizar un trabajo en específico, pero que, no logró conseguirlos. Alegó que, consecuentemente, acudió a las oficinas de *Beginners*

*General Contractors*, donde les notificó que se proponía solicitar el beneficio de desempleo. Sostuvo que, era merecedor del beneficio del desempleo debido a los años que se mantuvo trabajando.

Posteriormente, para el 14 de septiembre de 2023, el DTRH emitió la *Orden y Señalamiento de Audiencia ante el Árbitro* ***Audiencia Telefónica***. Por medio de esta, le notificó a la parte recurrente que, se le citaba para la audiencia telefónica ante el Árbitro, pautada para el 2 de octubre de 2023, a las 10:30 am.

De acuerdo al expediente, el 11 de diciembre de 2023, la Oficina de Apelaciones del DTRH, emitió la *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración*. En la aludida decisión, el DTRH mencionó que, el señor Álvarez Rohena había presentado una *Reconsideración* por estar en desacuerdo con la *Decisión del Secretario*[1] emitida el 17 de noviembre de 2023. Mencionó que, mediante la *Decisión del Secretario*, se confirmó la *Resolución* de la División de Apelaciones[2] del 12 de octubre de 2023, donde se declaró que, la parte recurrente era inelegible a los beneficios del seguro por desempleo bajo la Sección 4(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico. A estos efectos, declaró No Ha Lugar la solicitud de reconsideración presentada por el señor Álvarez Rohena e indicó que este no había presentado justa causa para la no comparecencia a la vista con la árbitro.

Inconforme con tal determinación, el señor Álvarez Rohena acudió por derecho propio ante este Foro mediante *Revisión de Decisión Administrativa*. Cabe destacar que, la parte recurrente no planteó ningún señalamiento de error. No obstante, realizaremos un breve resumen de su posición. En su recurso, el señor Álvarez Rohena sostiene que, estuvo ausente de su lugar de empleo por un

---

[1] La *Decisión del Secretario* no fue incluida por la parte recurrente en el expediente del recurso de epígrafe.
[2] Esta no fue incluida por la parte recurrente en el expediente del recurso de epígrafe.

accidente que había sufrido y que, al regresar el 23 de febrero de 2023 le indicaron que no tenían trabajo para él.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta.

**II**

### A. Estándar de Revisión Judicial de Determinaciones Administrativas

Según es sabido, los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que, estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *OEG v. Martínez Giraud*, 210 DPR 79 (2022); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Íd.*; *OEG v. Martínez Giraud*, supra, pág. 89; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012). No obstante, tal norma no es absoluta, es por lo que, nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.

En *Torres Rivera v. Policía de Puerto Rico*, supra, pág. 628, nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá

cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que **si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida**. (Énfasis suplido).[3]

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *OEG v. Martínez Giraud*, supra, pág. 89; *Super Asphalt v. AFI y otros*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*; *Pérez López v. Depto. Corrección*, supra, pág. 673; *OEG v. Martínez Giraud*, supra, pág. 89; *Super Asphalt v. AFI y otros*, supra, pág. 819-820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Batista, Nobbe v. Jta. Directores*, pág. 216.

Bajo este supuesto, la Sec. 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), "estableció el marco de revisión judicial de las agencias administrativas". *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo

---

[3] Véase *Super Asphalt v. AFI y otros*, supra, págs. 819-820.

visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.* págs. 35-36; *OEG v. Martínez Giraud*, supra, pág. 90*; Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Nobbe v. Jta. Directores*, supra, pág. 217; Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Nuestro Máximo Foro, ha expresado que, esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía*, supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd; OEG v. Martínez Giraud,* supra, pág. 90; *Super Asphalt v. AFI y otros,* supra, pág. 819-820. Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Torres Rivera v. Policía de PR*, supra, pág. 627; Sec. 4.5 LPAU, 3 LPRA sec. 9675. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía*, supra, págs. 36-37; *Torres Rivera v. Policía de PR*, supra, pág. 627. El Tribunal Supremo ha dispuesto que, la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales. *Íd.* págs. 627-628; *OEG v. Martínez Giraud*, supra, pág. 90. Finalmente, nuestra más Alta Curia ha expresado que, conforme lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue

aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *Íd.*

### B. Ley de Seguridad de Empleo de Puerto Rico

La Ley de Seguridad de Empleo de Puerto Rico, Ley Núm. 74 de 21 de junio de 1956, 29 LPRA sec. 701 *et seq.* creó el Negociado de Seguridad de Empleo. Esta entidad, fue creada con la finalidad de "promover la seguridad de empleos facilitando las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y proveer para el pago de compensación a personas desempleadas por medio de la acumulación de reservas". *Castillo v. Depto. del Trabajo*, 152 DPR 91, 97-98 (2000); 29 LPRA sec. 701. El referido estatuto dispone un remedio, exclusivamente, para personas desempleadas y que sean elegibles para recibir los beneficios conforme a las exigencias de éste. 29 LPRA sec. 703.

En lo pertinente, la Ley de Seguridad de Empleo de Puerto Rico, *supra*, establece los criterios de elegibilidad que necesita el reclamante para recibir los beneficios por desempleo, así como las razones para ser descalificado. La sección 4 de la Ley de Seguridad de Empleo de Puerto Rico, en su inciso (a)(1), dispone que, se considerará que un trabajador asegurado es elegible para recibir crédito por semana de espera o beneficio, según sea el caso, por cualquier semana de desempleo con respecto a la cual no se haya determinado que esa persona está descalificada bajo el inciso (b) de esta sección. 29 LPRA sec. 704(a). El reclamante, deberá cumplir, además, con los siguientes requisitos: (a) haber notificado oficialmente su desempleo; (b) haberse registrado para trabajar con una oficina del servicio de empleo; (c) haberse registrado para recibir crédito por semana de espera o sometido reclamación por beneficios,

según sea el caso; y (d) participar de los servicios de reempleo disponibles. 29 LPRA sec. 704(a). El inciso (b) de la sección 4 de la Ley de Seguridad de Empleo de Puerto Rico, dispone lo siguiente:

(b) *Descalificaciones.* – Un trabajador asegurado no será descalificado para recibir crédito por semana de espera o beneficios por cualquier semana de desempleo a menos que, con respecto a dicha semana, el Director determine que:

(1) [...]

(2) abandonó un trabajo adecuado voluntariamente y sin justa causa, en cuyo caso no podrá recibir beneficios por la semana en que abandonó el trabajo y hasta que haya prestado servicios en empleo cubierto bajo esta ley o bajo la ley de cualquier estado de los Estados Unidos durante un período no menor de cuatro (4) semanas y haya devengado salarios equivalentes a diez (10) veces su beneficio semanal; o

(3) [...]

(4) [...]     29 LPRA sec. 704 (b) (2).

Es decir, aquel empleado que abandone su trabajo de forma voluntaria y sin justa causa, estará descalificado para recibir los beneficios por desempleo.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En esencia, nos corresponde determinar si incidió el DTRH al confirmar la *Resolución*[4] emitida por la División de Apelaciones del DTRH, el 12 de octubre de 2023. Por medio de esta, el DTRH determinó que, el señor Álvarez Rohena era inelegible a los beneficios del seguro por desempleo, bajo la Sec. 4(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico, *supra*.

Luego de un examen del expediente administrativo que atendemos, concluimos que no le asiste la razón a la parte recurrente. Veamos.

---

[4] La aludida *Resolución* no fue incluida por la parte recurrente en el expediente del recurso de epígrafe.

Según reseñáramos, el 4 de julio de 2023, el DTRH emitió la *Determinación*, donde resolvió que, la parte recurrente era inelegible para recibir los beneficios del desempleo, debido a que había abandonado su empleo. Inconforme con tal determinación, el señor Álvarez Rohena solicitó una audiencia, la cual fue calendarizada para el 2 de octubre de 2023.

Posteriormente, el DTRH emitió la *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración*. Por medio de esta, el DTRH manifestó que, el señor Álvarez Rohena había presentado una *Reconsideración* por estar en desacuerdo con la *Decisión del Secretario*[5] emitida el 17 de noviembre de 2023. Expresó, además, que, mediante la *Decisión del Secretario*, se confirmó la *Resolución* de la División de Apelaciones del 12 de octubre de 2023[6], donde se declaró que la parte recurrente era inelegible a los beneficios del seguro por desempleo bajo la Sección 4(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico[7]. A estos efectos, declaró No Ha Lugar la solicitud de reconsideración presentada por el señor Álvarez Rohena e indicó que este, no había presentado justa causa para su incomparecencia a la vista con la árbitro.

De acuerdo al derecho reseñado, los tribunales apelativos debemos otorgar amplia deferencia a las determinaciones administrativas, debido a que, los entes administrativos cuentan con mayor experiencia y pericia en los tantos asuntos que se les han

---

[5] La *Decisión del Secretario* no fue incluida por la parte recurrente en el expediente del recurso de epígrafe.

[6] Esta no fue incluida por la parte recurrente en el expediente del recurso de epígrafe.

[7] El precitado estatuto dispone que, un trabajador asegurado será descalificado para recibir crédito por semana de espera o beneficios por cualquier semana de desempleo cuando el Director determine que este "abandonó un trabajo adecuado voluntariamente y sin justa causa, en cuyo caso no podrá recibir beneficios por la semana en que abandonó el trabajo y hasta que haya prestado servicios en empleo cubierto bajo esta ley o bajo la ley de cualquier estado de los Estados Unidos durante un período no menor de cuatro (4) semanas y haya devengado salarios equivalentes a diez (10) veces su beneficio semanal. 29 LPRA sec. 704 (b) (2).

delegado[8].  En la controversia que nos ocupa, la parte recurrente no presentó evidencia suficiente que derrotara la presunción de legalidad y corrección que suponen las determinaciones administrativas[9].  A pesar de que la parte recurrente hizo alusión a que se ausentó de su empleo debido a accidente por un largo periodo de tiempo, este no presentó prueba que sustentara tales alegaciones.  De igual manera, surge del expediente que, la agencia administrativa le brindó oportunidad al señor Álvarez Rohena de exponer su postura, presentar evidencia y refutar las alegaciones de su antiguo empleador mediante la celebración de una audiencia telefónica.  Sin embargo, la parte recurrente se ausentó a dicha audiencia sin acreditar justa causa.   Cabe destacar además, que, la parte recurrente presentó un expediente incompleto.  Siendo así, no nos colocó en posición de variar la decisión del ente administrativo.

Ante la ausencia de una actuación arbitraria, ilegal, irrazonable o que constituya un abuso de discreción por parte de la agencia administrativa, razonamos que resulta innecesario que intervengamos con su determinación.

**IV**

Por los fundamentos expuestos, se confirma la determinación recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] Véase *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 126; *Rolón Martínez v. Supte. Policía*, supra, pág.35; *Torres Rivera v. Policía de PR*, supra, pág. 626; *Asoc. Fcias. v. Caribe Specialty et al. II*, supra, pág. 940.
[9] Véase *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR,* supra, pág. 626.