ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **SABEEL VARGAS GARCÍA**<br><br>Recurrente<br><br>v.<br><br>**NEGOCIADO DE SEGURIDAD DEL EMPLEO (NSE)**<br><br>**LABORATORIO CLÍNICO IRIZARRY GUASH**<br><br>Recurridos | KLRA202400169 | **REVISIÓN** procedente del Departamento del Trabajo y Recursos Humanos<br><br>Caso Núm.:<br>**M-03080-1496**<br><br>Sobre: Inelegibilidad a los Beneficios del Seguro por Desempleo |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 28 de mayo de 2024.

Comparece la señora Sabeel Vargas García (señora Vargas García o recurrente) y nos solicita que revisemos la *Decisión del Secretario del Trabajo y Recursos Humanos* emitida el 8 de febrero de 2024 por la Directora de la Oficina de Apelaciones ante el Secretario. Mediante el referido dictamen, se confirmó la *Resolución* dictada por la Árbitro de la División de Apelaciones, la cual, a su vez, confirmó la determinación del Negociado de Seguridad de Empleo (NSE). En esencia, se decretó que la señora Vargas García era inelegible para recibir los beneficios de compensación de seguro por desempleo, a tenor con la Sección 4(b)(2) de la Ley Núm. 74 de 21 de junio de 1956, según enmendada, conocida como la *Ley de Seguridad de Empleo de Puerto Rico*, 29 LPRA sec. 704 (b)(2).

Por los fundamentos que expondremos a continuación, se confirma el pronunciamiento recurrido.

## I.

Según surge del expediente, la señora Vargas García laboró en el Laboratorio Clínico Irizarry Guash, Inc. del 15 de noviembre de 2021 hasta el 24 de julio de 2023, fecha en que renunció a su empleo debido a la falta de cuido para su hija recién nacida. A raíz de lo anterior, solicitó los beneficios del seguro por desempleo al Departamento del Trabajo y Recursos Humanos (DTRH). Aunque en un principio se le notificó a la señora Vargas García que era elegible para recibir los referidos beneficios, el 21 agosto de 2023, el Negociado de Seguridad de Empleo del DTRH la descalificó de recibirlos.[1] El dictamen se fundamentó en que la reclamante renunció a su empleo por razones personales no atribuibles al patrono.

A solicitud de la señora Vargas García debido a su inconformidad con la determinación del NSE, el 29 de septiembre de 2023 la División de Apelaciones del Departamento del Trabajo celebró una audiencia ante la Árbitro, Lcda. Blanca I. Quetell Torres. Evaluada la prueba presentada durante la audiencia, el 31 de octubre de 2023, la Árbitro emitió una *Resolución*, por medio de la cual confirmó la inelegibilidad de la señora Vargas García para recibir los beneficios de compensación de seguro por desempleo. En su dictamen consignó las siguientes determinaciones de hechos:

1. La parte reclamante trabajó para el patrono, Laboratorio Irizarry Guash, Inc., como enfermera flebotomista desde el 15 de noviembre de 2021 hasta el 24 de julio de 2023.

2. Renunció a su empleo debido a que confrontó problemas por falta de cuido de niños.

3. La parte apelante es madre de una infanta de ocho (8) semanas de nacida.

4. La reclamante utilizó su licencia de maternidad. Al concluir la misma debía retornar al empleo.

5. La reclamante renunció a su empleo por no tener con quien dejar cuidando al infante.

---

[1] Apéndices 2 y 3 del recurso de revisión judicial, págs. 3-4.

La Árbitro concluyó que, generalmente, un problema de cuido de niños no constituye justa causa para renunciar, en el contexto de la Sección 4(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico. Además, detalló las excepciones a dicha regla, a saber: (1) ser víctima de delito de violencia doméstica; (2) tener que cuidar a un familiar enfermo; (3) acompañar al cónyuge fuera de su lugar de residencia o si las circunstancias son atribuibles al patrono. Así las cosas, la Árbitro determinó que en el caso de autos no estaba presente alguna de las excepciones, por lo cual la mencionada Sección de la Ley de Seguridad de Empleo de Puerto Rico no aplicaba.

Inconforme, la señora Vargas García interpuso un recurso de apelación en la oficina del Secretario del DTRH. Conforme la Sección 6(f) de la Ley de Seguridad de Empleo de Puerto Rico se revisó el recurso apelativo a base de la evidencia que obraba en el expediente.[2] A través de un pronunciamiento emitido el 8 de febrero de 2024, la División de Apelaciones ante el Secretario confirmó la Resolución de la Árbitro, y, consecuentemente, concluyó que la señora Vargas García era inelegible para recibir los beneficios de compensación de seguro por desempleo. La señora Vargas García solicitó reconsideración, pero la misma fue denegada mediante una decisión emitida y notificada el 28 de febrero de 2024.

Aun en desacuerdo con la determinación del Secretario, la señora Vargas García acude ante nos mediante recurso de revisión judicial y alega lo siguiente:

> Erró el DTRH al declarar a la recurrente "inelegible" para recibir la compensación del seguro por desempleo, toda vez que la recurrente se vio obligada a renunciar a su empleo debido a la falta de cuido para su hija recién nacida.

> Erró el DTRH al pasar por alto las disposiciones de la Carta Circular PRSD #8 emitida por el Departamento del Trabajo y Recursos Humanos el 14 de julio de 2020

---

[2] 29 LPRA sec. 706 (f).

la cual autoriza el pago de beneficio de desempleo por no estar apto y disponible para trabajar por tener que cuidar a un hijo menor de edad.

El 1 de mayo de 2024, el Gobierno de Puerto Rico, en representación del Departamento del Trabajo y Recursos Humanos, a través de la Oficina del Procurador General de Puerto Rico instó su *Alegato en Oposición.*

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. Revisión de Decisiones Administrativas

Sabido es que el derecho a cuestionar una determinación emitida por una agencia administrativa mediante la revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico. *ACT v. Prosol, et als.,* 210 DPR 897, 908 (2022).

Las decisiones administrativas están cobijadas por una presunción de legalidad y corrección. Por ello, merecen deferencia por parte de los tribunales apelativos. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 128 (2019); *Otero v. Toyota,* 163 DPR 716, 727 (2005). Al evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de forma arbitraria, ilegal o irrazonable, constituyendo sus actuaciones un abuso de discreción. El criterio rector es la razonabilidad de la agencia recurrida. *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 892 (2008).

De igual forma, al momento de evaluar una decisión administrativa, los tribunales deben tomar en consideración, no solo la especialización y experiencia de la agencia sobre las controversias que tuviera ante sí, sino que también deben distinguir entre cuestiones relacionadas a la interpretación de las leyes - donde los tribunales son los especialistas - y aquellos asuntos propios para la discreción o pericia administrativa. *García Reyes v. Cruz Auto Corp.,*

supra, pág. 892; *Super Asphalt v. AFI y otros*, 206 DPR 803, 805 (2021); *Capó Cruz v. Jta. Planificación*, 204 DPR 581 (2020).

Al aplicar el criterio de razonabilidad y deferencia, se ha dispuesto por la jurisprudencia que los foros apelativos no deben intervenir con las determinaciones de hechos que las agencias formulan, si las mismas están sostenidas por evidencia sustancial que obre en el expediente administrativo. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 115 (2023). Bajo dicho escenario, los foros apelativos deberán sostenerlas. Sec. 4.5 de la Ley Núm. 38-2017, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.* (LPAU). Véase también, *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75 (2000).

Del mismo modo, las conclusiones de derecho y las interpretaciones que realizan las agencias sobre la ley que le corresponde administrar, a pesar de ser revisables en toda su extensión, deben sostenerse a nivel apelativo si estas son razonables, aunque haya alguna otra interpretación igualmente adecuada. *P.R.T.C. v. J. Reg. Tel. de P.R.*, 151 DPR 269, 283 (2000); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 133 (1998).

Ahora bien, debemos puntualizar que -debido a que las resoluciones de los organismos administrativos se presumen correctas- quien las impugne tiene el peso de la prueba, por lo que deberá presentar evidencia suficiente para derrotar la presunción que estas poseen. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). De lo anterior, surge claramente que la carga probatoria le corresponde a la parte recurrente, por lo que, de incumplir con ella la decisión administrativa deberá ser respetada por el foro apelativo.

### B. Ley de Seguridad de Empleo de Puerto Rico

La Ley de Seguridad de Empleo de Puerto Rico se creó con el propósito de promover la seguridad de empleos facilitando las

oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo. También para proveer para el pago de compensación a personas desempleadas por medio de la acumulación de reservas. Véase, Exposición de Motivos de la Ley de Seguridad de Empleo de Puerto Rico. Aunque esta Ley debe interpretarse de forma liberal para cumplir con su intención, ello no significa que deba interpretarse de manera que se le reconozca beneficios a quienes no cualifican. *Castillo v. Depto. del Trabajo*, 152 DPR 91, 101 (2000).

La aludida Ley le permite a un trabajador que queda desempleado presentar una solicitud para que se determine su condición de asegurado. Además, instituye las condiciones de elegibilidad para recibir los beneficios por desempleo. 29 LPRA secs. 702 y 704.

En lo pertinente, la sección 704 (b) de la Ley de Seguridad de Empleo de Puerto Rico, *supra*, reza como sigue:

> (b) Descalificaciones- Un trabajador asegurado no será descalificado para recibir crédito por semana de espera o beneficios por cualquier semana de desempleo a menos que, con respecto a dicha semana, el Director determine que:
>
> (1) No estaba apto para trabajar o no estaba disponible para realizar trabajo adecuado durante dicha semana; o
>
> (2) abandonó un trabajo adecuado voluntariamente y sin justa causa, en cuyo caso no podrá recibir beneficios por la semana en que abandonó el trabajo y hasta que haya prestado servicios en empleo cubierto bajo este capítulo o bajo la ley de cualquier estado de los Estados Unidos durante un periodo no menor de cuatro (4) semanas y haya devengado salarios equivalentes a diez (10) veces su beneficio semanal;
>
> [...]
>
> 29 LPRA sec. 704 (b).

Dicho de otra forma, para cualificar y ser acreedor a recibir los beneficios, el trabajador tiene que cumplir con ambos requisitos: (1) haber abandonado su empleo involuntariamente y con justa

causa, y (2) estar apto y disponible para trabajar. Por ende, si un trabajador no reúne uno de estos requisitos, queda descalificado. *Castillo v. Depto. del Trabajo*, supra, pág. 99.

Mediante la Ley Núm. 191-2011 se enmendó la Ley de Seguridad de Empleo de Puerto Rico para añadir a la sección 704 (b) el inciso 14. En esencia, este establece que: "No se considerará inelegible a ningún reclamante por cesar en su empleo por causa de una situación familiar en la que se haga excesivamente oneroso o impráctico el acceso o la asistencia regular al lugar de empleo..." 29 LPRA sec. 704b-14.

Por último, es preciso notar lo contenido en la Carta Circular PRSD #8, intitulada "Contestación a las Consultas Realizadas al Negociado de Asuntos Legales Relacionadas al Covid-19" (Carta Circular) emitida por el Departamento del Trabajo y Recursos Humanos el 14 de julio de 2020. La referida Carta Circular versa sobre la opinión del Negociado de Asuntos Legales en los siguientes asuntos relacionados al Programa de Seguro por Desempleo: (1) rechazo de trabajo adecuado por COVID-19; (2) pago global por COVID-19; (3) pagos por el COVID-19 y (4) pagos voluntarios.[3]

En lo que nos atañe, dicha Carta expone lo siguiente:

**1. Rechazo de trabajo adecuado**

Estamos en conocimiento de reclamantes que están rechazando regresar a sus trabajos debido a que el cuido de sus hijos no está disponible o abierto. [...]

[...]

En conclusión, se le autoriza el pago de beneficio de desempleo por no estar apto y disponible para trabajar por tener que cuidar a un hijo menor de edad y cuyo centro de cuido no está abierto, siempre y cuando el rechazo a trabajar no constituya una renuncia o retirarse del mercado laboral. En el caso de una renuncia por las razones antes expuestas se llevará a cabo una entrevista de búsqueda de datos

---

[3] Hemos de consignar que, como bien se desprende del contenido de la Carta Circular PRSD #8, esta fue emitida como medida de precaución durante el cierre por la declaración de la pandemia del COVID-19 y no para su aplicación general.

y evaluar las alternativas que buscó antes de renunciar como:

- Trabajar remoto
- Ajustar el horario de trabajo
- Reducir la jornada
- Solicitar una licencia con sueldo disponible u otras

[...]

### III.

En la presente causa, debemos evaluar si, en efecto, la recurrente renunció a un empleo adecuado, sin justa causa tal y como lo determinó el Secretario del DTRH. La recurrente detalla que su renuncia se debió a problemas con el cuido para su hija recién nacida y entiende que ello constituyó justa causa suficiente para concluir que podría ser elegible a recibir los beneficios del seguro por desempleo.

Analizado el expediente, forzoso es concluir que la decisión emitida por el Secretario fue razonable. Evaluada la prueba, la Árbitro determinó como hecho probado que la recurrente renunció a su empleo por problemas de carácter personal que no constituían justa causa. Según expuesto, la Ley de Seguridad de Empleo de Puerto Rico permite que una persona que se encuentra apta para trabajar y que haya perdido su empleo por razones ajenas a su voluntad pueda recibir los beneficios del desempleo. Ello, al palio de ciertos criterios específicos de justa causa, e incluso, por razón de una situación familiar en la que se le haga excesivamente oneroso o impráctico la asistencia a su lugar de empleo.

Ahora bien, en este caso la recurrente imputó su renuncia a la falta de cuido para su hija recién nacida. Del expediente bajo nuestra consideración no se desprenden las gestiones razonables llevadas a cabo por la recurrente, si alguna, para atender la situación con el cuido de su hija, de modo que pudiera retener su empleo en el laboratorio. En su solicitud de reconsideración

presentada en la Oficina de Apelaciones ante el Secretario esta se limitó a exponer que a la fecha de su renuncia no habían centros de cuido disponible para brindarle el servicio a una bebé recién nacida, lo que la obligó a permanecer en su residencia. En el recurso que nos ocupa, la recurrente no logró refutar la presunción de corrección que ostenta la determinación administrativa recurrida, la cual interpretó razonablemente el derecho aplicable al caso. Así las cosas, la descalificación impugnada realizada al amparo de la sección 704(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico fue correcta.

Por todo lo anterior, es claro que la recurrente no cualifica para recibir los beneficios de la Ley de Seguridad de Empleo de Puerto Rico. Procede confirmar la decisión recurrida.

**IV.**

Por los fundamentos antes expuestos, se *confirma* la decisión administrativa recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones